UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Duane L. O'Malley, | Case No. 20-cv-660 (ECT/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Birkholz, Warden, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Duane O'Malley's pro se Motion for a Temporary Restraining Order. Doc. No. 1. The motion was transferred to this Court from the Central District of Illinois. *See* Doc. No. 2. O'Malley alleges that prison officials confiscated and either already destroyed, or will destroy, his legal materials confiscated during a "shakedown" at his prison law library in February 2020. He alleges that he and other inmates must have their legal materials returned so that they do not lose valuable work or miss deadlines in ongoing litigation. Because O'Malley has not demonstrated a likelihood of success on the merits, the Court will recommend that his motion be denied. *See Newton Cty. Wildlife Ass'n v. Forest Serv.*, 113 F.3d 110, 113 (8th Cir. 1997).

O'Malley claims to seek a preliminary injunction under Federal Rule of Civil Procedure 65. There is no indication, however, that he gave notice of his petition to Birkholz or any other person. In fact, O'Malley has labeled his motion "ex parte." Because the Court "may issue a preliminary injunction only on notice to the adverse party," FED. R. CIV. P. 65(a)(1), the Court will construe O'Malley's motion as seeking a temporary

1

restraining order ("TRO").  The Court may issue a TRO without notice to the adverse party if "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant shows efforts made to give notice and the reasons why notice should not be required.  FED. R. CIV. P. 65(b)(1).[1]

Whether the Court should issue a TRO "involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  A TRO is "an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant."  *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted).  The purpose of a TRO is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (considering in context of preliminary injunction).

Moreover, in "the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

---

[1] The Court's analysis would be the same, regardless of whether the petition is properly construed as seeking a preliminary injunction or TRO. *See Northwest Airlines, Inc. v. Filipas,* 07-cv-4803, 2008 WL 251872 at *1, n. 1 (D. Minn. Jan. 30, 2008) (explaining that the *Dataphase* factors ordinarily apply both to requests for a TRO or a preliminary injunction).

The "courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Goff*, 60 F.3d at 521 (quoting *Rogers*, 676 F.2d at 1214).

O'Malley argues that he faces irreparable harm because he has a pending Section 3582 Motion to Reduce his sentence, as well as a forthcoming habeas motion. Doc. No. 1 at 2. Both motions will proceed in the court where O'Malley was convicted, the Central District of Illinois. *United States v. O'Malley,* Case No. 10-CR-20042 (C.D. Ill. 2011). Without his legal materials, he argues that his right to redress with the courts has been encroached upon. Doc. No. 1 at 2. Additionally, he alleges that he has "some likelihood of success on the merits of his instant motion for sentence reduction as well as his forthcoming petition under § 2255 depending upon the instant relief for reduction." *Id.* at 3.

Though possible that O'Malley could suffer harm, injunctions are disfavored in the prison context. Moreover, O'Malley has not filed a complaint setting forth a short and plain statement of the claim that he is entitled to relief. FED. R. CIV. P. 8. Nor has he taken any other action to initiate litigation in this District. This makes it impossible for the Court to determine whether he has any chance of succeeding on the merits of his claims or whether he is entitled to injunctive relief more generally. *Cf. Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Put another way, the Court cannot maintain the status quo during the litigation without litigation having actually been initiated.

Accordingly, it is **HEREBY RECOMMENDED** that the Motion for a Temporary Restraining Order be **DENIED**.

Date: May 13, 2020                    *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota

                                      *O'Malley v. Birkholz*
                                      Case No. 20-cv-660 (ECT/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).